11-666-ag
Lin v. Holder

BIA
A073 180 246

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of January, two thousand twelve.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

RU LIN,
> *Petitioner,*

v.                                          11-666-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Eric Y. Zheng, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ru Lin, a native and citizen of the People's Republic of China, seeks review of the January 21, 2011, decision of the BIA denying her motion to reopen. *In re Ru Lin*, No. A073 180 246 (B.I.A. Jan. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Lin's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (reviewing denial of a motion to reopen or reconsider for abuse of discretion). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's 2010 motion was untimely, as the final administrative decision was issued in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This was also Lin's third motion to reopen.

2

The time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Lin contends that her new practice of Christianity in the United States constitutes changed circumstances.  As the BIA noted, however, Lin's baptism into the Christian faith, which occurred in 2007 in the United States, reflects a self-induced change in personal circumstances, and therefore does not exempt her motion from the applicable bars.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Lin also argues that she demonstrated changed country conditions by submitting evidence showing that treatment of Christians in China worsened in 2008 and 2009, and that the BIA abused its discretion by overlooking this evidence. However, assuming arguendo that Lin can rely on such evidence, the BIA referenced this evidence in its decision, and its acknowledgment was sufficient.  *See Jian Hui Shao v.*

3

*Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("[w]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise").

Moreover, the BIA's determination that the evidence failed to demonstrate changed country conditions is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169 (when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard). Lin fails to show a material worsening of conditions for Christians in China, as the background materials submitted show a continued repression of Christians who worship in unregistered churches, and Lin does not explain how the evidence shows any increase in the frequency or scale of persecution. We decline to reach Lin's assertion that she has established her *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk

5